# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>         v.<br><br>STEPHANIE ELVIRA MORA,<br><br>                               Defendant. | Case No. 22-cr-01459-BAS-1<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE<br>(ECF No. 40)** |

In 2019, Defendant Stephanie Elvira Mora was convicted of importing methamphetamine into the United States from Mexico. (Presentence Report ("PSR"), ECF No. 31.) She was on supervised release for that offense at the time she committed the offense in this case, again transporting methamphetamine. (*Id*.) The Court sentenced Defendant to 57 months in custody in this new case. (ECF No. 39.) Defendant has now written to the Court asking if she qualifies "for the 1-point reduction" under the amendments to the U.S. Sentencing Guidelines ("USSG"). (ECF No. 40.)

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

After receiving Defendant's letter, the Court referred the Motion to the Federal Defenders Office for an evaluation. (ECF No. 41.) Federal Defenders has now filed a Status Report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 43.)

At the time of sentencing, the Court calculated Defendant's original guideline range as 87–108 months. This calculation was based on a base offense level of 27 and a criminal history score of four, resulting in a criminal history category of III. Because Defendant was not a zero-point offender, she does not qualify for the two-point reduction for defendants who did not receive any criminal history points.

However, when calculating her criminal history category, the Court added two points because she was on supervised release at the time of the offense. (PSR ¶¶ 25–27.) Under the new guidelines, these two points would not be added, Defendant's criminal history score would only be two, and her criminal history category would only be a II. Thus, under the new guidelines, her guideline range is only 78–97 months.

At the original sentencing, the Court departed downward from the guideline range for fast track and for the safety valve equivalent. (ECF No. 38.) Ultimately, the Court imposed a 57-month sentence. (ECF No. 33.) This 57-month sentence would still be below Defendant's guideline range even after the guideline amendments are applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 78 months. Since the Court sentenced Defendant to a lower sentence of 57 months, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion for Reduction of Sentence (ECF No. 40) is **DENIED**.

IT IS SO ORDERED.

DATED: April 25, 2024

Hon. Cynthia Bashant
United States District Judge